IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____-cv-_____-___-___

JONATHAN HARRIS,
ELISABETH STEPHENSON and
GARY STEPHENSON,

Plaintiffs,

v.

ADAMS COUNTY COMMUNICATIONS CENTER,
ADAMS COUNTY, a municipal corporation,
COMMERCE CITY, a Municipal corporation,
COMMERCE CITY POLICE DEPARTMENT,
ADAMS COUNTY COMMISSIONER'S OFFICE,
SHAUNA JENKINS, individually and officially,
KEVIN LORD, individually and officially,
JONATHAN LODGE, individually and officially, and
SHAUN LUTZ, individually,

Defendants:

---

**VERIFIED COMPLAINT AND JURY DEMAND**

---

The plaintiffs, complaining of the defendants, by their attorney, Derry Dale Sadler and the Sadler Law Office, respectfully show to this Court and allege:

1. Plaintiffs Jonathan Harris, his natural mother, Elisabeth Stephensen and step father, Gary Stephensen, all live in Thornton, Colorado.

2. Upon information and belief, that at all times hereinafter mentioned, the defendant, Adams County is and was a municipal corporation, located at 450 S. 4th Avenue, City of Brighton, State of Colorado 80601. Adams County has governmental

1

administrative authority and oversight over Adams County Communications Center, Inc. ("ADCOM").

3. Upon information and belief, that at all times hereinafter mentioned, the defendant, Commerce City is and was a governmental subdivision of the City of Commerce City, located at 7887 East 60th Avenue, CO 80022, in Adams County. Commerce City, through the Mayor, City Council and City Manager, has administrative authority and oversight over the Commerce City Police Department.

4. Upon information and belief, that at all times hereinafter mentioned, the defendant, Commerce City Police Department, was and is a governmental subdivision of the City of Commerce City, located at 7887 East 60th Avenue, CO 80022, in Adams County.

5. Upon information and belief, that at all times hereinafter mentioned, the defendant, Adams County Communications Center, Incorporated is and was a nonprofit corporation, organized in accordance with the laws of the State of Colorado and a political subdivision of governments in the County of Adams, State of Colorado, located at 7321 Birch Street, Commerce City Colorado 80022. As such, the Adams County Communications Center, Inc. may sue and be sued, hire, train, supervise and terminate employees, incur liabilities and exercise all powers permitted under color of the laws of the State of Colorado, corporate by-laws and the policies of its Board of Directors.

6. Shaun Lutz was and currently is a supervisory dispatcher employed at ADCOM and the mother of Shauna Jenkins. She resides in Commerce City, Colorado.

7. Jonathan Lodge, was and currently is an employee of ADCOM and the intimate friend of Shauna Jenkins. He resides in Colorado.

8. Kevin Lord, was and currently is an employee and commissioned law enforcement officer with the Commerce City Police Department. Lord is a long time friend of Shaun Lutz and prior acquaintance of Shuana Jenkins. Lord resides in Colorado.

9. Shuana Jenkins is the former intimate friend of Plaintiff Harris. At the end of the relationship, Jenkins resided in Colorado with her mother, Shuan Lutz.

## JURISDICTION

10. Plaintiff invokes jurisdiction under 42 U.S.C. 1983 and pendent state tort claims.

11. The issue in controversy is valued well over the statutory limits for federal civil jurisdiction, as will be proven at trial.

## GENERAL ALLEGATIONS

12. On or about the evening of August 27, 2008 and including August 28, 2008, from approximately 5:00P.M. August 27, 2008, through and including February 29, 2009, it appears that Shaun Lutz, Jonathan Lodge and other dispatchers of the Adams County Communications Center, Inc., in collaboration with Commerce City Police Officer Kevin Lord and other unknown supervisors, and co-workers worked together, with Shauna Jenkins, to accomplish the wrongful arrest, prosecution, malicious prosecution and deprivation of the civil liberties of Jonathan Harris, Elisabeth Stephensen and Gary Stephensen.

13. In the course of the abuse of the criminal justice process, Gary and Elisabeth Stephensen were thwarted, derogated and defamed by Jonathan Lodge, in the course of operating ADCOM emergency communication systems.

14. ADCOM was negligent in the management of authorized personnel, knew or should have known that the equipment could be used by employees to harm citizens.

15. The acts and decisions of Shaun Lutz, Jonathan Lodge, Kevin Lord, Shauna Jenkins and others not yet known to claimants, used emergency communication and law enforcement systems and authority to cause the unlawful arrest, false imprisonment, abuse, prosecution, defamation and humiliation of otherwise lawful citizens, in response to statements made by a relative of ADCOM, Inc and the Commerce City Police Department.

16. Following the failed intimate relationship of Shauna Jenkins and Jonathan and the during the course of attempts of Shauna Jenkins and Jonathan Harris to reconcile differences in the settlement of damage claims arising from a shared residential living accommodation, Shauna Jenkins conferred with her mother, Shaun Lutz ( ADCOM dispatcher) and Officer Kevin Lord (Commerce City Police Officer).

17. Defendants Lutz, and Jenkins persuaded ADCOM, Commerce City Police Department and Thornton Police Officers (including a canine unit) to collaborate, coordinate, intimidate, humiliate and without probable cause or justification, brought about the arrest and prosecution of Jonathan Harris, as well as the stress and humiliation of Gary and Elisabeth Stephensen.

18. ADCOM, Inc., being in possession of or may have destroyed much evidence, including put not limited to in service dispatch tapes pertinent to the planning and consummation of the unlawful arrest of Jonathan Harris finally, in late January 2009, released information needed to expose the collaborative efforts of the above facts

4

giving rise to this claim. In this fashion ADCOM prolonged the prosecution of Plaintiff Jonathan Harris.

19. At the end of the evidence presented at the criminal trial of Jonathan Harris ( Adams County Court Case No. 2008 M 3929), following an acquittal by a jury, the issues of false arrest, malicious prosecution, abuse of process, civil conspiracy, defamation through ADCOM equipment and other claims became ripe and reasonably clear.

20. Ms. Elisabeth Stephenson, on behalf of her son, Jonathan Harris, filed a formal request for an internal affairs investigation, with the Commerce City Police Department. In that complaint, Ms. Stephenson submitted a brief complaint relating to a charge that amounts to the violation of the civil rights of Jonathan Harris, by Jeremy Jenkins and Kevin Lord. The summary investigation concluded that the request was unfounded.

> By this letter, I again request that ADCOM, Inc. Adams County Commissioners, Commerce City and the Commerce City Police Department preserve all documents and electronic memoranda and dispatch recordings pertaining to this notice, request for investigation and possible litigation. A copy of this notice and request to preserve all ADCOM, Inc dispatch records will be concurrently served with a subpoena duces tecum has been filed concurrently with the to preserve al relevant data, records and documents.

21. On or about February 23, 2009, Mr. Harris was tried before a jury of his peers and was acquitted of all charges. It appears that the arrest by the Commerce City Police Department and Officer Kevin Lord was the result of abuse of process, malicious prosecution and resulted in a false arrest and wrongful imprisonment.

5

22. Claimant Harris was unlawfully detained by Commerce City, Commerce City Police Officer Kevin Lord, his supervisors, their agents, servants and employees all acting alone and or in the performance of their employment and within the scope of their authority committed:

23. Defendants Lutz, Jenkins, Lord and Commerce City Police falsely arrested Harris by falsely imprisoning and accusing him of the crime of assault, harassment and domestic abuse and by intending to confine Harris.

24. Harris was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged, all without just right, probable cause and without grounds therefore.

25. Defendants Lutz, Jenkins, Lord, Lodge and Lutz ADCOM, Inc and Commerce City Police abused legal process upon Harris by unlawfully making a false accusations and aiding and abetting a warrantless arrest, without justification, excuse or consent including, but not limited to, the use by false sworn documents, official emergency dispatch equipment, police power, including neighbor jurisdiction intimidating police dogs and other resources, and causing Mr. Harris to be placed in fear.

26. Defendant governmental units and private citizens violated Harris and Stephensens' civil rights under 42 U.S.C. § 1983 in that Plaintiffs and each of them were deprived of their rights, privileges and immunities secured by the Constitution and laws of the United States of America by individuals and entities that, under color of a statute or regulation of a State, caused them to be so

deprived and other and further violations of their rights and privileges secured by the Constitutions of the United States and the State of Colorado.

27. Defendant ADCOM, Inc. caused Elisabeth Stephensen emotional stress, by acts constituting civil conspiracy, rude treatment by dispatcher operators, unprovoked use of opprobrious and defamatory language that was concerning and directed at or concerning Plaintiffs Elisabeth and Gary Stephensen; and

28. Defendant Commerce City Police department demonstrated negligence in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances, including, but not limited to, improper and negligent crowd control and carelessly and recklessly arresting Jonathan Harris, failure of supervisors of Kevin Lord to fully and failure investigate or otherwise using timely and ordinary supervisory oversight and failing to investigate and stop the arrest and prosecution of Harris, all without any negligence on the part of the Plaintiffs.

29. Defendants Adams County, ADCOM and City of Commerce City, through their respective agents, servants and employees demonstrated negligence in hiring and retaining dispatch and law enforcement persons who were unfit to serve as a policeman and who it knew or should have known had dangerous propensities and lack of proper temperament, in that the ADCOM, Inc. and the City of Commerce City and the Commerce City Police, their agents, servants and employees failed to exercise reasonable precautions in employing dispatchers Lutz and Lodge, who acted unprofessionally and police officer Lord and his unknown supervisors who failed to properly investigate; and,

30. Defendants Adams County, ADCOM, Inc. and the City of Commerce City and the Commerce City Police, demonstrated negligent instruction of its employees and police officers by not exercising care in instructing them as to their professional responsibilities in dispatch practices, ethical conflicts, protocol and policies and police investigation practices, ethical conflicts, arrest procedures, policies and conduct as policemen and representatives of the ADCOM, Inc and Commerce City Police Department.

31. The items of damage or injuries claimed: mental anguish as well as other psychological injuries; shame, humiliation, indignity; damage to reputation and credit; loss of employment and employment opportunities; and that by reason of the aforesaid claimant has been damaged in the sum to be proven at trial.

32. Upon information and belief, that at all times hereinafter mentioned, the defendant, Commerce City, its agents, servants and employees operated, maintained and controlled the Police Department of the Commerce City, including all the police officers thereof.

33. Upon information and belief, those at all times hereinafter mentioned, and on or prior to the August 2008, Kevin Lord was employed by the defendant, Commerce City Police Department, as a police officer.

34. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the August 2008, Shaun Lutz and Jonathan Lodge were employed by the defendant, ADCOM, as dispatchers.

35. That Notice of the Plaintiffs' Claim and Notice of Intention to Sue for Damages, the nature of the claims and the date of, the time when, the place where and the manner in

which the claims arose was duly served upon ADCOM, Inc.; Adams County Commissioners and the Mayor, City Manager and Police Chief of Commerce City, on or about March 21, 2009 (as amended twice through June 18, 2009).

36. That more than 30 days have elapsed since the initial notice has been served upon the defendants. ADCOM has refused and the other said defendants have neglected or refused to make any adjustment or payment thereof.

37. That this action is commenced within the relevant statutes of limitations for each cause of action alleged herein.

### FIRST CAUSE OF ACTION—MALICIOUS PROSECUTION
**(Defendants Shauna Jenkins, Adams County, Commerce City and ADCOM, Inc. and also Lutz and Lord (officially and individually) )**

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully and at length set forth herein.

39. That on or about the August 27, 2008, the defendants, Shauna Jenkins, Shaun Lutz, Jonathan Lodge, Kevin Lord and the Commerce City Police Department, their supervisors, agents, servants and employees subordinates provided false statements, consorted, intimidated maliciously prosecuted and detained plaintiff, Jonathan Harris, without any just right or grounds therefore.

40. That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

41. That between August 28, 2008 and October 2008 a criminal complaint for domestic phone harassment was filed before the Honorable Judge Byron Howell, based on the defendants,

their agents, servants and employees' false and malicious acts and statements. The defendants caused this action without probable cause or provocation.

42. That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the Adams County Court.

43. That upon examination, the said charges were falsely and maliciously made. That the Judge of the Criminal Court of Adams County Court, following a full trial and acquittal by a jury, dismissed all charges, under the criminal code, on February 24, 2009.

44. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff were without probable cause, with actual malice and was terminated in favor of the plaintiff.

45. That by reason of the aforesaid unlawful and malicious prosecution, Plaintiff Harris was deprived of his liberty, was subjected to great indignity, humiliation, emotional pain, distress of mind and was held up to scorn and ridicule, was injured in the character and reputation was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged, and Plaintiffs Gary and Elisabeth Stephensen were also subjected to great indignity, humiliation, emotional pain, distress of mind and was held up to scorn and ridicule .

46. That by reason of the aforesaid, the plaintiff has been damaged in the sum to be proven at trial.

## SECOND CAUSE OF ACTION—FALSE ARREST
### (Defendants Adams County, Commerce City and ADCOM, Inc. and also Lord (officially and individually) )

47. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth herein.

48. That on or about the August 27, 2009, between 10:00P.M. and through midnight of August 28, 2009, on the public common area, in front of plaintiff Harris' apartment, the defendants, Kevin Lord, Commerce City Police Officers, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiff, Harris, without any right or grounds therefore.

49. That on or about the August 28, 2009, the defendants wrongfully and falsely accused the plaintiff, Harris, of the crime of phone harassment.

50. That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, Harris, was in fact guilty of such crimes.

51. That on the aforesaid date, time and place, the plaintiff, who was lawfully and properly upon the premises, was intimidated by law enforcement officers equipped with weapons and canine support.

52. The defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, and on the unsupported charges then made, arrested and imprisoned the plaintiff, and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled him to go with the said agents of defendants Kevin Lord and the Commerce City Police Department, to the Commerce City Detention Facility (jail) and then to be detained and imprisoned in or near premises known and designated as the Commerce City Police Department, where Harris was booked and further detained and imprisoned until such time as he was arraigned before Criminal Court Judge.