IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01728–MSK–KMT

JONATHAN HARRIS,
ELISABETH STEPHENSON, and
GARY STEPHENSON,

    Plaintiffs,

v.

ADAMS COUNTY COMMUNICATIONS CENTER,
COMMERCE CITY, a Municipal corporation,
SHAUNA JENKINS, individually and officially,
KEVIN LORD, individually and officially,
JONATHAN LODGE, individually and officially, and
SHAUN LUTZ, individually,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on "Plaintiffs' Motion to Amend Complaint and Jury Demand" (Doc. No. 93, "Mot.") filed December 4, 2009. Defendant City of Commerce City filed its response on December 8, 2009 (Doc. No. 95, "Commerce City's Resp."), and Plaintiff replied on December 12, 2009 (Doc. No. 96, "Reply to Commerce City's Resp."). Defendant Lord filed his response on December 29, 2009 (Doc. No. 101, "Lord's Resp."), and Plaintiff replied on January 4, 2010 (Doc. No. 107, "Reply to Lord's Resp."). Defendants Adams County Communications Center ("ADCOM") and John Lodge filed their response on December 29,

2009 (Doc. No. 102, "ADCOM's Resp."), and Plaintiff replied on December 30, 2009 (Doc. No. 105, "Reply to ADCOM's Resp."). This matter is ripe for review and recommendation.

Plaintiff filed this action based on alleged violations committed by Defendants "[o]n or about the evening of August 27, 2008 and including August 28, 2008, from approximately 5:00PM August 27, 2008, through and including February 29 , 2009, . . ." (Am. Compl., ¶ 12 [Doc. No. 2] [filed July 21, 2009].) The claims relate to the arrest of Plaintiff Jonathan Harris on domestic violence charges, his subsequent defense of the charges, and a request made by Plaintiff Harris for records related to his arrest. (Am. Compl.) In their Amended Complaint, Plaintiffs assert the following claims: (1) Malicious Prosecution against Shauna Jenkins, a former friend of Plaintiff Harris; Adams County, Commerce City; Jonathan Lodge, an employee of ADCOM, and Officer Kevin Lord of Commerce City Police Department; (2) False Arrest against Adams County, Commerce City, ADCOM, and Lord; (3) False Imprisonment against Adams County, Commerce City, ADCOM, and Lord; (4) Defamation against Jenkins; Adams County; Commerce City, ADCOM, Lodge, Shaun Lutz, an ADCOM dispatcher; and Lord; (5) Negligence in Hiring and Retaining against Adams County, Commerce City, and ADCOM; (6) Negligence in Training Against Adams County, Commerce City, and ADCOM; (7) Negligence in Performance of Duties against Lodge, Lutz, and Lord; (8) Civil Conspiracy against Jenkins, Lutz, and Lord; (9) Civil Rights Action Under 42 U.S.C. § 1983 against Adams County, Commerce City, ADCOM, Lodge, Lutz, and Lord. (*Id.*)

On November 11, 2009, the parties filed a Stipulation to dismiss Plaintiffs' state tort claims against the City of Commerce City and all claims against the Commerce City Police Department. (Doc. No. 84.)

Defendant Lord has moved dismissal of Plaintiffs' Amended Complaint (Doc. No. 2) on the grounds that Plaintiffs' defamation, negligence, and civil conspiracy claims fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 35.) Defendant Lord also has moved for summary judgment on the bases that (1) Defendant Lord is entitled to qualified immunity on Plaintiffs' civil rights claims; (2) Defendant Lord is immune from civil liability on all of Plaintiffs' state claims pursuant to Colo. Rev. Stat. § 18-6-803.6(5); (3) this Court lacks jurisdiction over Plaintiffs' state tort claims pursuant to the Colorado Governmental Immunity Act ("CGIA"); (4) Plaintiffs have failed to meet the elements required for their malicious prosecution and false arrest/false imprisonment claims; and (5) the Court lacks jurisdiction over Plaintiffs' pendent state claims. (*Id.*)

Defendants ADCOM and Lodge have moved for dismissal on the following bases: (1) this Court lacks jurisdiction over Plaintiffs' state tort claims pursuant to the CGIA; (2) Plaintiffs have failed to meet the elements required for their defamation claim against Lodge; (3) Defendant Lodge is entitled to qualified immunity on Plaintiffs' defamation claim; and (4) Plaintiffs have failed to meet the elements required for their civil rights claim. (Doc. No. 56.)

Defendant Lutz has moved for dismissal on the following bases: (1) the Court lacks jurisdiction over Plaintiffs' malicious prosecution, defamation and negligence in performance of duties claims against Lutz pursuant to the CGIA; and (2) Plaintiffs' defamation, negligence, civil

conspiracy claims against Lutz fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 63.) Plaintiffs filed responses to the motions to dismiss and for summary judgment. (Doc. Nos.45, 75, 82.) The motions to dismiss and for summary judgment are pending before Judge Krieger.

On December 4, 2009, the deadline set by this court for joining parties and/or amending pleadings (*see* Doc No. 64), Plaintiffs filed the present motion to amend their complaint. Plaintiffs seek to amend the complaint "to narrowly define civil rights and pendent state claims and party defendants" and "to support claims for exemplary damages, correct grammar, spelling and formatting errors." (Mot. at 1.)

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

### A.     *Undue Delay*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment.  *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002).  The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206.  Here, the motion to amend was filed prior to the deadline set by the court.  The court finds there is no evidence of undue delay by the plaintiffs herein.

### B.     *Prejudice*

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial.  *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir.2005).  A plaintiff may not "wait until the last minute to ascertain and refine the theories on which they intend to build their case . . . . This practice, if tolerated, 'would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances."  *Green Country Food Market, Inc. v. Bottling Group*, LLC, 371 F.3d 1275, 1279 (10th Cir. 2004).  The record provides no basis for a finding of undue prejudice to Defendants by allowing the amendment.

### C.     *Failure to Cure Deficiencies*

Defendants ADCOM and Lodge argue that the proposed Second Amended Complaint, which fails to appropriately address or correct the improper assertion of tort claims against governmental entities and correct names in claim captions accordingly, does not streamline the issues, as Plaintiffs suggest, but that it results in continued and increased confusion.  (ADCOM's

Resp. at 4.) Defendants ADCOM and Lodge also argue that Plaintiffs do not provide sufficient justification for the necessity of an amendment at this stage. (*Id.* at 4–5.) The defendants also point out that the "grammar, spelling and formatting errors" noted as justification for the amendment in Plaintiffs' Motion to Amend should have been corrected before the initial filing in this Court. (*Id.* at 5.) Likewise, they argue, the civil rights violations which Plaintiffs now seek to more precisely define should have been clearly set forth in the initial pleading. (*Id.*)

### *1.     Typographical, Grammatical and Formatting Errors*

The court agrees that Plaintiffs' proposed Second Amended Complaint is confusing. Plaintiffs, even after conceding to some of the issues addressed by Defendants in their responses, have failed to correct the noted deficiencies. The Second Amended Complaint is rife with typographical errors, incomplete sentences, grammatical errors, and duplicate paragraph numbers. For instance, paragraph numbers 86 through 91, 131, 163, 190, and 193 have been used more than one time each, out of sequence. On the other hand, paragraph number 192 does not exist. The court notes that nearly every paragraph in the proposed Second Amended Complaint, and at least paragraphs 13, 14, 19, 20, 23, 26, 39d, 41, 42, 46, 51, 57, 59, 78, 79, 80, 84, 86, 87, 88, 92, 97, 98, 100, 103, 105, 106, 109, 110, 112, 114, 116, 117, 120, 131, 131, 132,136, 140, 143, 161, 163, 169, 170, 171, 179, 181, 190, contains confusing allegations, repeated sentences, incomplete sentences, or grammatical errors. Plaintiffs have failed in their attempt to "correct grammar, spelling, and formatting errors" and have, therefore, failed to cure the deficiencies in their first amended complaint.

### *2.      Unsupported Rationale for Amendment*

Defendants ADCOM and Lodge also argue that, with respect to the addition of claims for exemplary damages and abuse of process, Plaintiffs' Motion to Amend does not cite to any new facts unearthed in discovery which would serve as the basis or foundation for such claims, and instead Plaintiffs rely on "unfounded allegations of misconduct on the part of the ADCOM Defendants, other Defendants and their counsel." (ADCOM's Resp. at 5.) Indeed, the plaintiffs allege that

> Defendant ADCOM has not provided personnel rules and regulations, dispatch policies and practices or the internal investigation records or derogatory actions brought involving dispatchers involved in the incident . . . although discovery has just been embarked upon by the parties, this information should have been provided as a part of the initial mandatory disclosures.

(Mot., ¶ 10.)  Plaintiffs also allege

> intentional nondisclosure of discovery including operations manuals and personnel investigations of law enforcement affairs and ADCOM dispatchers may reveal further support of claims for exemplary damages in this case.

In their Second Amended Complaint,

> ADCOM, Inc., being in possession of several layers of computer generated communications and texting data, may have destroyed much evidence, including but not limited to service dispatch tapes pertinent to the planning and consummation of the unlawful arrest of Jonathan Harris.

(Doc. No. 96-2 at 15, ¶ 89.) Defendants ADCOM and Lodge contend these allegations are false and completely lacking a good faith basis. (ADCOM's Resp. at 6.) Defendants argue that they have "provided Plaintiffs with responsive information to all requests which were succinctly and intelligibly set forth." (*Id.*)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

Plaintiffs admit in their motion that the allegations are based on information Defendants allegedly have failed to provide through discovery and disclosures that <u>may</u> support their claims for exemplary damages. Plaintiffs' allegations "to support claims for exemplary damages" (Mot. at 1) are merely conclusory and speculative and do not meet the pleading requirements of *Twombly* and *Iqbal*. As such, the court finds the new claims would not survive a motion to dismiss under Rule 12(b)(6).

Moreover, to the extent Plaintiffs' claims are based on the actions and conduct of Defendants' counsel in defending this action, Fed. R. Civ. P. 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The conduct of defense counsel in defending this action does not arise out of the same conduct, transaction, or occurrence set forth in Plaintiffs' previous complaints. This amendment, therefore, does not relate back under Fed. R. Civ. P. 15(c)(1)(B). Additionally, the proper method for challenging allegedly inadequate disclosures and discovery responses is to file a motion to compel pursuant to Fed. R. Civ. P. 37(a). The court notes that Plaintiffs have not filed any such motions.

### D.     *Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217

F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). The Court addresses the futility arguments brought by the defendants in turn.

### *i.     City of Commerce City*

Defendant City of Commerce City opposes the Motion because the Commerce City Police Department has been dismissed as a party pursuant to the parties' Stipulation (Doc. No. 84), yet the Commerce City Police Department is still showing as a defendant in the caption of the Second Amended Complaint. (Commerce City's Resp. at 2.) Plaintiffs have not addressed this in their reply. However, as the Commerce City Police Department was terminated as a defendant in this action on January 15, 2010 (Doc. No 108), the caption should be amended to remove the Commerce City Police Department as a defendant in this action.

Defendant City of Commerce City also objects to the Motion on the basis that the caption of the Second Amended Complaint asserts claims against Defendant Kevin Lord in his individual and official capacities, even though they have removed the references to official capacity claims for Officer Lord under each state tort claim heading due to the dismissal of the state tort claims against the Commerce City Police Department and the City of Commerce City. (Commerce City's Resp. at 2.) However, Plaintiffs attached a revised Second Amended Complaint (Doc. No. 92-2) to their Reply to Commerce City's Response, in which the caption asserts claims against Defendant Lord in his individual capacity only.

Defendant City of Commerce City also objects to the reference to state tort claims against the City of Commerce City and the Police Department in a number of paragraphs. (Commerce City's Resp. at 3.) Defendant Commerce City states these references are "misplaced and improper" given the Stipulation for Dismissal previously filed. (*Id.*) Defendant references, as examples, paragraphs 88, 89, 90, 114, and 115. (*Id.*) Plaintiffs reply that they have made "a good faith effort to honor the prior stipulation regarding tort claim elimination" and "[i]n an effort to avoid ambiguities and arrest [ ] lingering concerns" with residual allegations, they have proposed additional adjustments in the caption and in the paragraphs referenced by Defendant. (Reply to Commerce City's Resp., ¶¶ 3–4.) However, due to the typographical, grammatical, and formatting errors discussed above, it is impossible for this court to determine if the paragraphs to which Commerce City objected have been sufficiently amended.

### ii.   *Defendants Lord, Lodge, and ADCOM*

Defendants Lord, ADCOM, and Lodge argue that Plaintiffs' abuse of process claim is futile because it does not state a claim under Fed. R. Civ. P. 12(b)(6). (Lord's Resp., ¶ 4; ADCOM's Resp. at 8.) Plaintiffs concede that the abuse of process claim is inappropriate as to Defendant Lodge. (Reply to ADCOM's Resp. at 11.) As to Defendant Lutz, Plaintiffs state the claim will be voluntarily stricken from the proposed amended complaint due to the Notice of Automatic Stay issued by the U.S. Bankruptcy Court (Doc. No. 97). (*Id.*)

A claim for abuse of process requires a plaintiff to prove: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and

(3) resulting damage." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009) (quoting *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App.1998)). "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." *Id.* (quoting *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994)). Moreover,

> Use of a legal proceeding in an improper manner is an essential element of an abuse of process claim.
> Thus, although the litigant's motive may be important in determining whether there was an "ulterior purpose" for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process.

*Id.* (quoting *James H. Moore*, 892 P.2d at 373). To succeed on an abuse of process claim, the plaintiff must prove that the legal proceeding was used in an improper manner, such as to accomplish a coercive goal. *Id.* (citing *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006).

Plaintiffs proposed Second Amended Complaint contains no facts to indicate that Defendant Lord arrested Plaintiff Harris for any improper purpose. "In cases such as this, where the Plaintiff's claim is that the Defendants sought to secure an unfounded criminal conviction, the process in question was used in the precise manner in which it was intended. The proper claim in these circumstances is malicious prosecution, not abuse of process." *Martinez v. Lochbuie Police Dept.*, No. 04-CV-00020-MSK-BNB, 2006 WL 295391, at *6 (D. Colo. Feb. 6, 2006) (citing *Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1155 n.5 (10th Cir. 2001)). As such, Plaintiffs have failed to state an abuse of process claim.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Plaintiffs' Motion to Amend Complaint and Jury Demand" (Doc. No. 93) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the

District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge