IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01728–MSK–KMT

JONATHAN HARRIS,
ELISABETH STEPHENSON, and
GARY STEPHENSON,

    Plaintiffs,

v.

ADAMS COUNTY COMMUNICATIONS CENTER,
COMMERCE CITY, a Municipal corporation,
SHAUNA JENKINS, individually and officially,
KEVIN LORD, individually and officially,
JONATHAN LODGE, individually and officially, and
SHAUN LUTZ, individually,

    Defendants.

**ORDER**

This matter is before the court on "Defendants Adams County Communications Center And Jon Lodge's Unopposed Motion to Stay Discovery" [Doc. No. 121, filed February 17, 2010]. Defendants Commerce City and Shauna Jenkins have joined the motion. Defendants seek a stay of discovery pending the resolution of qualified and sovereign immunity questions raised in their Motion to Dismiss [Doc. No. 56]. Discovery has been previously stayed as to two defendants in the case, Kevin Lord and Shawn Lutz; Lord on his assertion of qualified and governmental immunity and Lutz by virtue of a bankruptcy petition.

Claims of immunity shield Government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights," *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982) and also grant an entitlement not to stand trial or face the other burdens of litigation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 -1946 (U.S. 2009). These immunity provisions, whether qualified, absolute, pursuant to the Eleventh Amendment or pursuant to the Colorado Governmental Immunity Act, are meant to free officials from the concerns of litigation, including "avoidance of disruptive discovery." *Id.; Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (KENNEDY, J., concurring in judgment).

As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection.

> "If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Iqbal* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006)(unpublished). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause,

> issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.* The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.; See also, FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635 at 2 (D. Kan. 1987)(unpublished). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Plaintiffs do not oppose a stay of discovery on the substantive merits of the case however qualify their agreement with the caveat that the discovery stay not impact their ability to seek relief from the automatic stay related to Defendant Lutz's petition for bankruptcy.

The case involves questions concerning Jonathan Harris' arrest on or about August 28, 2009 and events occurring incident to that arrest. All defendants except Shauna Jenkins, Mr. Harris' former girlfriend, were governmental actors at the relevant time. Under the circumstances as presented to the court, I agree that a stay of discovery pending District Judge Marcia Krieger's ruling on the immunity issues raised by the defendants is appropriate.

It is **ORDERED**

"Defendants Adams County Communications Center and Jon Lodge's Unopposed Motion to Stay Discovery" [Doc. No. 121] is **GRANTED**. Discovery is stayed pending the District Court ruling on Defendants Adams County Communications Center and Jon Lodge's Motion to Dismiss Plaintiffs' State Law Tort Claims, and to Dismiss Plaintiffs' 42 U.S.C. § 1983 Claim Against Lodge" [Doc. No. 56].

It is further **ORDERED**

1. The parties are directed to file a status report within ten days of the ruling on the Motion to Dismiss above referenced, or on June 8, 2010, whichever date first occurs.

/

/

/

2. Discovery deadlines set forth in the Scheduling Order [Doc. No. 65], as amended on February 9, 2010, are **VACATED**. This Order **does not** vacate or otherwise affect the scheduled Final Pretrial Conference set by the District Court.

Dated this 8th day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge