IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01728-MSK-KMT

JONATHAN HARRIS;
ELISABETH STEPHENSON; and
GARY STEPHENSON,

       Plaintiffs,

v.

ADAMS COUNTY COMMUNICATIONS CENTER;
COMMERCE CITY, a Municipal corporation;
SHAUNA JENKINS, individually and officially;
KEVIN LORD, individually and officially;
JONATHAN LODGE, individually and officially; and
SHAUN LUTZ, individually,

       Defendants.

## ORDER DENYING REQUEST FOR DISMISSAL OF PARTIES
## OR CLAIMS WITH LEAVE TO REFILE

THIS MATTER comes before the Court on a pleading entitled Plaintiff Voluntary Motion to Dismiss in Part Pursuant to Fed.R.Civ.P. 41(a)(2) (Motion) **(#130)** filed May 7, 2010. Having reviewed the Motion, the Court,

    **FINDS** that:

    1. The Motion seeks to voluntarily dismiss a party(ies) and/or claims from this action, but does not appear to completely dismiss the action as a whole.

    2. In the interests of efficiency and economy, it is necessary to identify the parties and claims remaining and to ascertain the effect the proposed dismissal will have upon the trial.

    **IT IS THEREFORE ORDERED** that:

    1.    The Motion **(#130)** is **DENIED** with leave to refile the Motion and proposed order **within 10 days**.

    2.    Such newly filed motion shall:

      a)     Use the complete caption of the case, including the names of all parties to the action;

      b)     Identify all parties to be dismissed and the parties remaining;

      c)     Identify all claims to be dismissed and all claims that will remain. The claims shall be identified by the title given that claim in the original pleadings;

      d)     Identify all pending motions that are resolved by the dismissal and all pending motions that remain. Pending motions shall be identified by the docket entry number assigned by the Clerk of the District Court;

      e)     State, briefly, the anticipated impact of the dismissal on the time required for trial and any other trial efficiencies.

3. If the newly filed Motion contains the signatures of all counsel and *pro se* parties, it will be treated as an unopposed motion and the order will be issued promptly. If, however, the motion does not contain the signature of all counsel and *pro se* parties, it shall be served on same and no Order shall be entered until the time for objection has passed.

DATED this 10th day of May, 2010.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge